IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LOUIS EDWARD RICHARD                                                                  PLAINTIFF

V.                                     CIVIL NO. 4:14-cv-04027

JANA TALLANT; TARA GREEN;
TAMMY ARNOLD; SHELBY MILLER;
JAILER MISTY; JAILER SHAWN;
ANDRE JONES; DAWANDA SCHWOPE;
and BRIAN COOK                                                                        DEFENDANTS

## ORDER

Plaintiff Louis Richard proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Plaintiff is no longer incarcerated.  Currently before the Court is Defendant Jailer Misty's Motion to Withdraw Notice of Insufficiency of Service (ECF No. 19) and Motion to File Answer out of Time (ECF No. 20).

On May 8, 2014, I ordered service on Defendant Misty.  ECF No. 11.  On July 24, Defendants filed a Notice of Insufficiency of Service for Defendant Misty.  ECF No. 18.  This Notice stated, even though an employee at the Howard County Sheriff's Office signed for the summons issued to Defendant Misty, that person was not authorized to do so because Defendant Misty was no longer employed at the Howard County Jail.  Defendants stated that Jailer Misty was not aware of this lawsuit against her, and Defendants did not have a current address for Defendant Misty.

On August 4, 2014, Defendants filed a Motion to Withdraw the Notice of Insufficiency of Service.  ECF No. 19.  In this Motion, Defendants state since filing the original Notice of Insufficiency of Service, Defendant Misty has received the Complaint in this matter and

Defendants' counsel Nick Windle will represent her in this matter. Therefore, Defendants wish to withdraw the Notice of Insufficiency of Service.

Accordingly, Defendants' Motion to Withdraw the Notice of Insufficiency of Service (ECF No. 19) is hereby **GRANTED.**

Defendant Misty filed a Motion for Leave to file Answer out of Time (ECF No. 20) concurrently with the Motion to Withdraw the Notice of Insufficiency of Service. In this Motion, Defendants counsel explained that he was misinformed as to Defendant Misty's knowledge of this lawsuit. Therefore, counsel did not file an Answer on Defendant Misty's behalf. Defendant Misty argues this is excusable neglect and requests leave to file her Answer out of time.

Pursuant to Federal Rule of Civil Procedure 6(b), the Court may, for good cause, extend the time to respond on a motion made after the time has expired if the party failed to act because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Eighth Circuit Court of Appeals has explained that "[e]xcusable neglect means good faith and some reasonable basis for noncompliance with the rules." *U.S. v. Puig,* 419 F.3d 700, 702 (8th Cir. 2005). Further, the Eighth Circuit has provided factors to consider when determining whether an excusable neglect exist: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Kurka v. Iowa County,* 628 F.3d 953, 959 (8th Cir. 2010). Finally, the Eighth Circuit explained that the "determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (internal quotations and citations omitted).

I find Defendant Misty's failure to notify counsel of her receipt of the Complaint (or the

miscommunication of this fact) is excusable neglect in this instance.  There is no prejudice to the parties in allowing the Answer to be filed, and the delay is not unreasonable.  Further, it appears the parties acted in good faith.

    Accordingly, Defendant Misty's Motion to File Answer out of Time (ECF No. 20) is hereby **GRANTED.**

    **IT IS SO ORDERED** this 4**th day of November 2014.**

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE