IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LOUIS EDWARD RICHARD                                                           PLAINTIFF

V.                            CIVIL NO. 4:14-cv-04027

JANA TALLANT; TARA GREEN;
TAMMY ARNOLD; SHELBY MILLER;
MISTY YOUNG; SEAN SCOTT;
ANDRE JONES; DAWANDA SCHWOPE;
and BRIAN COOK                                                                 DEFENDANTS

**AMENDED MEMORANDUM OPINION AND ORDER**

This is a civil rights action filed *pro se* by the Plaintiff, Louis Richard, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Correction Varner Unit ("ADC"). Currently before me are (1) Defendants' Motion for Summary Judgment (ECF No. 34) and (2) Plaintiff's Motion for Summary Judgment (ECF No. 32).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 16. Pursuant to this authority, I find this Motion is ready for decision and issue this memorandum opinion.

1.   **BACKGROUND**

Plaintiff filed his Complaint on February 10, 2014 and subsequently filled two supplements. ECF Nos. 9, 26. The claim Plaintiff alleges in his Complaint and Supplements concern his medical care while incarcerated in the Howard County Detention Center ("HCDC"). Plaintiff names Jail Administrator Jana Tallant, Jailer Tara Green, Jailer Tammy Arnold, Jailer Shelby

1

Miller, Jailer Misty Young, Jailer Sean Scott, Jailer Andre Jones, Jailer Dawanda Schwope, and Jailer Brian Cook as Defendants in this matter.  Plaintiff alleges both official and individual capacity claims against all Defendants.

In his Complaint and Supplements, Plaintiff claims Defendants violated his constitutional rights by denying him medical care.  Specifically, Plaintiff claims Defendants denied him proper medical care for his diabetes by failing to properly give him insulin and also failing to provide proper diabetic snacks.

Defendants filed a Motion for Summary Judgment on September 3, 2015.  ECF No. 34.  In this Motion, the Defendants argue (1) Plaintiff failed to allege any official capacity claims; and (2) Plaintiff was not denied medical care, instead, he merely disagrees with the medical care he was provided.

The Court held a hearing on this Motion on October 16, 2015.  At this hearing, Plaintiff provided sworn testimony as his response to Defendants' Motion.  Plaintiff also submitted a written Response to Defendants' Motion.  ECF No. 38.

Finally, Plaintiff also filed a Motion for Summary Judgment on August 7, 2015.  (ECF No. 32).

**2.    SUMMARY JUDGMENT RECORD**

In their Motion for Summary Judgment, Defendants assert the following as undisputed facts:

Plaintiff was booked into HCDC on December 18, 2013.  ECF No. 35-1.  Plaintiff filed numerous grievances during his stay at the HCDC primarily regarding his insulin and diabetic snacks.  ECF No. 35-2.  Defendant Tallant always responded to Plaintiff's grievances in a timely

manner and assured Plaintiff that the jail staff was following the doctor's orders. ECF No. 35-2. When Plaintiff was booked into the HCDC he reported he was taking several medications, however, Plaintiff did not have any of these medications at home. Defendant Tallant called Dr. Patel's office (Plaintiff's primary physician) and requested Plaintiff's medications be called into the pharmacy. Plaintiff then began receiving all of his prescribed medications. ECF No. 35-4.

On December 31, 2013, Dr. Patel's office called the HCDC and instructed Plaintiff was to check his blood sugar twice a day for five days. The results were to be faxed to Dr. Patel. Plaintiff advised Defendant Tallant he did not own a glucose meter so the HCDC purchased Plaintiff one. ECF No. 35-4.

On January 2, 2014, Plaintiff's supply of insulin ran out. Defendant Tallant contacted Dr. Patel's office to request they call in more insulin for Plaintiff. Dr. Patel visited the HCDC the next day and reviewed Plaintiff's sugar logs. At this time, Dr. Patel advised HCDC staff to not give Plaintiff any more insulin unless he directed them to do so. Dr. Patel did provide a prescription for insulin and the HCDC filled it to have on hand at the HCDC in case needed. Dr. Patel continued to call the HCDC on a regular basis to monitor Plaintiff's sugar logs. ECF No. 35-4.

Plaintiff became frustrated he was not receiving insulin so he requested to see a new doctor. In response, Plaintiff was taken to see Dr. Ferguson. Dr. Ferguson also advised that Plaintiff did not need insulin. Plaintiff then requested to go back to seeing Dr. Patel. Plaintiff was taken to see Dr. Patel on February 25, 2014 and Dr. Patel did not prescribe insulin at that visit. ECF No. 35-4.

During Plaintiff's incarceration at the HCDC, HCDC staff was in constant contact with Dr. Patel, Dr. Ferguson, or an emergency room doctor in order to make sure Plaintiff's blood sugar levels remained under control. ECF No. 35-4.

Plaintiff received a diabetic snack daily during his incarceration. ECF No. 35-4. Also, the medication logs indicate Plaintiff received insulin until Dr. Patel ordered the insulin be stopped. ECF No. 35-5. Further, Plaintiff's sugar log shows that Plaintiff's blood sugar levels were monitored daily as directed by his treating physician. ECF No. 35-6.

At the summary judgment hearing, I asked Plaintiff to provide a sworn statement detailing how he believes his constitutional rights were violated in response to the Defendants' Motion for Summary Judgment. Below is a summary of his sworn testimony:

Plaintiff testified he was booked into the HCDC on December 18, 2013 and the complained of incidents happened over the following "month or so." Plaintiff had been incarcerated in the HCDC previously so they were aware of his health needs. Dr. Patel was Plaintiff's free world doctor for approximately ten (10) or twelve (12) years prior to December 2013.

Plaintiff testified the HCDC had insulin when he first arrived. When that insulin ran out, Plaintiff's mother brought him more. When the insulin from his mother was gone, the HCDC staff told Plaintiff Dr. Patel advised them Plaintiff no longer needed insulin. Prior to this incident, Plaintiff had taken insulin for approximately fifteen (15) to twenty (20) years. Additionally, Plaintiff testified he is currently receiving insulin in the ADC.

Plaintiff testified that he does not believe Dr. Patel ordered the HCDC to stop giving him insulin. Plaintiff has no medical records to evidence Dr. Patel ever gave this order. Plaintiff testified that Defendant Tallant is the one that told the jailers at the HCDC not to give Plaintiff insulin. Further, Plaintiff testified Dr. Ferguson told Plaintiff he was fine as long as he gets the insulin when his blood sugar is high. Plaintiff does not know what Dr. Ferguson told the HCDC. Plaintiffs' doctor after Dr. Patel, Dr. Michael Young, prescribed Plaintiff insulin.

Plaintiff testified his claim against all Defendants is they failed to give him insulin. Additionally, Plaintiff testified Defendants injured him by causing mental and physical stress to him. Plaintiff testified he must now take mental health medication as a result of this stress. However, no medical professional has ever told Plaintiff his need for mental health medication is a result of his lack on insulin while incarcerated at the HCDC.

Finally, Plaintiff testified that the HCDC's policy of having no nurse on duty violated the HCDC's own policy and procedure manual.[1]

Plaintiff also filed a written response to Defendants' Motion. ECF No. 38. After reviewing Plaintiff's written Response, I do not find it adds any pertinent facts not already stated by Plaintiff in his sworn testimony.

3.     **LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S.

---

[1] Plaintiff also testified to missing asthma and blood pressure medications, however, this is the first time Plaintiff has raised these claims. I will not address claims made for the first time in response to a motion for summary judgment.

242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## 4. DISCUSSION

### i. Official capacity claims

Plaintiff has failed to state an official capacity claim against any Defendant. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the Defendants acted under color of state law and that they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants here are treated as claims against Howard County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a

*respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Howard County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted). The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

*Id.* at 817-18.

To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff testified at the hearing that by not employing a nurse, the HCDC was violating its own policy and procedure manual. This statement fails to claim any unconstitutional policy of the HCDC. Plaintiff makes no allegations that the HCDC has a policy that denied him medical care.

In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. It stated:

To establish a claim for "custom" liability, [Plaintiff] must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Id*., 725 F.3d at 828 (citations omitted).  Plaintiff has failed to allege any custom of Howard County that violated his constitutional rights.

Accordingly, Plaintiff's official capacity claims against all Defendants fail as a matter of law.

b.   Denial of medical care

Plaintiff claims he was denied medical care by the denial of insulin and diabetic snacks. Defendants argue Plaintiff was not denied medical care but instead merely disagrees with the medical care given.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs.  *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012).  The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard.  *See Butler v. Fletcher,* 465 F.3d 340, 344 (8th Cir. 2006).  To prevail on his Eighth Amendment claim, Plaintiff must prove Defendants acted with deliberate indifference to his serious medical needs.  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective

component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

Defendants did not argue that diabetes is not an objectively serious medical need. Therefore, for purposes of this Opinion, I will assume it is.

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted). Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976).

Furthermore, mere disagreement with treatment fails to state a claim of deliberate indifference. *See Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (an inmate has no constitutional right to a particular course of treatment, and his mere disagreement with the medical treatment he receives is not a basis for section 1983 liability); *Pietrafeso v. Lawrence County, S.D.*, 452 F.3d 978, 983 (8th Cir.2006) (showing of deliberate indifference is greater than even gross negligence and requires more than mere disagreement with treatment decisions); *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir.1995) (claims that prison doctor refused to provide the same medication as the inmate's free world doctor prescribed amounted to nothing

more than a disagreement as to the proper course of treatment which is not actionable under the Eighth Amendment).

### i. Diabetic snack

Defendants assert in their Motion that Plaintiff received a diabetic snack daily while incarcerated in the HCDC. To support this assertion Defendants presented the sworn affidavit of Defendant Tallant. ECF No. 35-4.

Plaintiff provided no testimony or other evidence to dispute these facts on the record. On summary judgment, Plaintiff as the nonmoving party, may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson,* 477 U.S. at 256 (1986); *Celotex,* 477 U.S. at 324 (1986). Plaintiff has not done so here.

Accordingly, I find there are no genuine issues for trial on Plaintiff's claim relating to his diabetic snacks and this claim fails as a matter of law.

### ii. Insulin

It is undisputed that Defendants initially provided Plaintiff with insulin but then stopped giving it to him. Also, Plaintiff did not dispute the HCDC monitored his blood sugar daily and called the emergency room if any issues arose. However, it is disputed whether Dr. Patel ordered Plaintiff's insulin be stopped. Defendants claim they stopped giving Plaintiff insulin at the direction of Dr. Patel and that this order was supported by Dr. Ferguson and the emergency room doctors. Plaintiff claims Dr. Patel never ordered he stop receiving insulin and the Defendants made the decision to stop his insulin despite Dr. Patel's orders to the contrary. Plaintiff also swears under oath he received insulin for fifteen (15) to twenty (20) years prior to his incarceration in the HCDC (while seeing Dr. Patel as his personal physician) and that he is currently receiving

insulin in the ADC.  Therefore, the only time over the last twenty (20) years when Plaintiff did not receive insulin daily was during the instant incarceration at the HCDC.

Further, Plaintiff testified that he believes his medical records from Dr. Patel will show that Dr. Patel never ordered the HCDC to stop giving him insulin daily.  Plaintiff requested the Court obtain these medical records for the purpose of supporting Plaintiff's testimony in response to Defendants' Motion.  While I agree Plaintiff's medical records from Dr. Patel likely contain material facts to this matter, I was unable to subpoena any of the records from Dr. Patel because he is deceased, and I have no information indicating where his medical records are maintained.

Because there are no medical records on the present summary judgment record, the only evidence before me on whether Dr. Patel ordered Plaintiff's insulin be stopped is Defendant Tallant's affidavit and Plaintiff's sworn testimony.  Defendant Tallant swears under oath Dr. Patel ordered the insulin be stopped.  Plaintiff swears under oath that, given his medical history and current medical condition, there is no possibility Dr. Patel would make such an order.  I find this creates a genuine issue of material fact as to whether Defendants were deliberately indifferent by intentionally denying or intentionally interfering with Plaintiff's treatment prescribed by Dr. Patel. *See Estelle,* 429 U.S. at 104–05.

Accordingly, I find there is a genuine issue of material fact as to whether Defendants were deliberately indifferent by denying Plaintiff insulin in direct contrast to his treating physician's orders.   Plaintiff's denial of medical care claim regarding his insulin shall proceed.

      c.      <u>Defendants Green, Arnold, Miller, Young, Scott, Jones, Schwope, and Cook</u>

Second, while Plaintiff initially name Defendants Green, Arnold, Miller, Young, Scott, Jones, Schwope, and Cook in his Complaint and Supplements, he did not provide any response or

objections regarding the dismissal of these Defendants on summary judgment.

Defendants Green, Arnold, Miller, Young, Scott, Jones, Schwope, and Cook argued in their Motion for Summary Judgment they were not deliberately indifferent to Plaintiff's medical needs. Plaintiff may not rest upon his pleadings in the face of this Motion. He must set forth specific facts to raise a genuine issue for trial. *See Anderson,* 477 U.S. at 256; *Celotex Corp.,* 477 U.S. at 324. While Plaintiff did provide sworn testimony regarding his denial of medical care claim in general and relating to Defendant Tallant, he did not offer any response as to Defendants Green, Arnold, Miller, Young, Scott, Jones, Schwope, and Cook. Therefore, Plaintiff has not met proof with proof and shown any genuine issue of material fact exist regarding his claims against Defendants Green, Arnold, Miller, Young, Scott, Jones, Schwope, and Cook.

Moreover, Plaintiff did not offer any facts showing how Defendants Green, Arnold, Miller, Young, Scott, Jones, Schwope, and Cook were personally involved in any of the complained of conduct. Liability under section 1983 requires some personal or direct involvement in the alleged unconstitutional action. *See e.g., Ripon v. Ales*, 21 F.3d 805, 808-09 (8th Cir. 1994). Plaintiff failed to present any evidence that these Defendants were involved in the denial of Plaintiff's medical care. *See Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility).

Accordingly, Plaintiff's claims against Defendants Green, Arnold, Miller, Young, Scott, Jones, Schwope, and Cook fail as a matter of law.

    d.    <u>Plaintiff's Motion</u>

Plaintiff also filed a Motion for Summary Judgment. ECF No. 32. As I have found above, Plaintiff's official capacity claims and also his diabetic snack claim fail as a matter of law, and

genuine issues of material fact exist regarding Plaintiff's insulin claim, Plaintiff's Motion must be denied.

5. **CONCLUSION**

Accordingly, Defendants' Motion for Summary Judgment (ECF Nos. 34) is hereby **GRANTED** in part and **DENIED** in part. Specifically, all of Plaintiff's official capacity claims are hereby dismissed, and Plaintiff's claim regarding his diabetic snacks is also dismissed. Further, Defendants Jailer Tara Green, Jailer Tammy Arnold, Jailer Shelby Miller, Jailer Misty Young, Jailer Sean Scott, Jailer Andre Jones, Jailer Dewanda Schwope, and Jailer Brian Cook are all dismissed. Plaintiff's claim regarding failure to provide insulin against Defendant Jana Tallant in her individual capacity remains.

Further, Plaintiff's Motion for Summary Judgment (ECF No. 32) is hereby **DENIED**.

**IT IS SO ORDERED this 1st day of February 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE